IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:26-cv-01174-SKC

KEVYN ALEXANDER VARGAS CARDENAS,

     Petitioner,

v.

PAMELA BONDI, *et al.*,

     Respondents.

---

## ORDER

---

Petitioner Kevyn Alexander Vargas Cardenas is a citizen of Guatemala who is currently being detained at the Denver Contract Detention Facility. Dkt. 1, ¶¶1, 40. He entered the United States without inspection on October 17, 2022, and has resided here continuously since then. *Id.* ¶40. Mr. Vargas Cardenas is married and is gainfully employed as a landscaper. *Id.* ¶41.

On December 2, 2025, Mr. Vargas Cardenas, a resident of Jupiter, Florida, was arrested on his way to work and was transferred to the custody of the Department of Homeland Security (DHS). *Id.* ¶42. According to DHS, Mr. Vargas Cardenas is being detained under 8 U.S.C. § 1225(b)(2)(a). *See* Dkt. 6.

Mr. Vargas Cardenas filed a Petition for Writ of Habeas Corpus on March 22, 2026, seeking an order from this Court directing Respondents to affect his immediate

release or provide him a bond hearing. Dkt. 1. He contends he is subject to detention, if at all, under 8 U.S.C. § 1226(a). *Id*. This Court ordered Respondents[1] to respond to the Petition within five days of service and show cause why it should not be granted based on this Court's previous analysis in *Aleman Hernandez v. Baltazar*, No. 1:25-cv-3688-SKC-SBP, 2025 WL 3718159, at *1 (D. Colo. Dec. 23, 2025). Dkt. 4. Respondents filed their Answer to the Petition on March 31, 2026. Dkt. 6.

The Court has jurisdiction over this matter under Section 2241 of Title 28, which authorizes it to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he traditional function of the writ is to secure release from illegal custody." *Id*. Noncitizens may properly challenge the lawfulness of their detention through habeas proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001).

The Court has considered the Petition, the Answer, the various attachments, and the governing law. Because Mr. Vargas Cardenas' challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. For the reasons shared in the following discussion, the Court GRANTS the Petition.

---

[1] "Respondents" refers to Pamela Bondi, the United States Attorney General; Markwayne Mullin, the Secretary of the United States Department of Homeland Security; the Director of the Denver ICE Field Office; and the Warden of the Denver Contract ICE Detention Center.

## ANALYSIS

This matter presents a similar factual background and procedural posture to another of the Court's cases, *Aleman Hernandez v. Baltazar*, No. 1:25-cv-3688-SKC-SBP, 2025 WL 3718159, at *1 (D. Colo. Dec. 23, 2025). In *Aleman Hernandez*, this Court conducted a review of the governing statutes relied on by the parties here and concluded that when 8 U.S.C. §§ 1225 and 1226 are read together, they "cover [noncitizens] presenting at arrival (under § 1225) and then *everybody else* (under § 1226)." *Aleman Hernandez*, 2025 WL 3718159, at *6 (citing *J.G.O. v. Francis*, No. 25-CV-7233 (AS), 2025 WL 3040142, at *4 (S.D.N.Y. Oct. 28, 2025)) (emphasis in original). Because Mr. Aleman Hernandez had been present in the United States for more than a decade, the Court found that Respondents were unlawfully detaining him under § 1225, and that he was only properly detained under § 1226. *Id.*

In much appreciated candor, Respondents acknowledge the facts and legal issues in this case are materially indistinguishable from those in *Aleman Hernandez*. Dkt. 6, pp.2-3. Although they disagree with the Court's previous conclusions, they recognize the Supreme Court and Tenth Circuit have not yet offered guidance on these legal questions. *Id.* Respondents also cite the Fifth Circuit's recent order in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th. Cir. 2026) and the Eighth Circuit's order in *Avila v. Bondi*, -- F.4th --, 2026 WL 819258, at *2–6 (8th Cir. Mar. 25, 2026), wherein those courts agreed with Respondents' interpretation of the relevant statutes, and they have attached their response brief in *Guiterrez v. Baltazar*, 25-cv-

3

2720-RMR, which fully explains their positions on these matters. Dkt. 6-1.

The Court has reviewed the Fifth Circuit and Eighth Circuit's opinions but—as it has previously stated—is not persuaded that its own analysis in *Aleman Hernandez* must be upended. Consequently, the Court adopts and incorporates its statutory analysis and conclusions from *Aleman Hernandez, supra,* as though stated fully herein.

Mr. Vargas Cardenas has been in the United States for three and a half years, and therefore, it cannot be credibly said he is seeking admission as described under 8 U.S.C. § 1225(b)(2)(A); rather, he is only properly detained under § 1226. *See Aleman Hernandez*, 2025 WL 3718159, at **2-7. To be sure, on Mr. Vargas Cardenas' Notice to Appear, the immigration official checked the box stating, "You are [a noncitizen] *present in the United States* who has not been admitted or paroled," rather than the box stating Mr. Vargas Cardenas was "an arriving [noncitizen]." Dkt. 1-3, p.2 (emphasis added). Because "the Government has affirmatively decided to treat [Petitioner] as being detained under Section 1226(a)[,] it cannot now be heard to change its position to claim that he is detained under Section 1225(b)." *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025). *See also Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023), quoting *DHS v. Regents of the Univ. of Cal.*, 591 U.S. 1, 24 (2020) (the "[*SEC v. Chenery Corp.*, 318 U.S. 80, 95 (1943)] doctrine requires an agency to 'defend its actions based on the reasons it gave when it acted' in the interest of promoting agency

4

accountability, instilling confidence in agency decisions, and maintaining an orderly process of review."). Therefore, Mr. Vargas Cardenas' continued detention pursuant to § 1225 is unlawful.

## REMEDY

The Court turns now to the question of relief. In this instance, the Court cannot conclude that ordering Respondents to provide Mr. Vargas Cardenas with a bond hearing under § 1226 is an appropriate remedy. Not only is Petitioner's continued detention under § 1225 unlawful, but his original detention by DHS also appears to have been unlawful. Under § 1226, a noncitizen may only be arrested based on a "warrant issued by the Attorney General." 8 U.S.C. § 1226(a). But according to the allegations, Mr. Vargas Cardenas was simply transferred into DHS custody. *See* Dkt. 1, ¶42.

Respondents had an opportunity in their papers to argue in the alternative that Mr. Vargas Cardenas was subject to detention under § 1226 or provide some evidence that a warrant for his arrest had been issued. But they did not. Because Respondents have offered no lawful basis for his detention, the Court concludes Mr. Vargas Cardenas is entitled to immediate release. *Rivero v. Mina*, No. 6:26-cv-66-RBD-NWH, 2026 WL 199319, at *4 (M.D. Fla. Jan. 26, 2026); *see also Bethancourt Soto v. Soto*, ---F. Supp.3d---, 2025 WL 2976572, at *9 (D.N.J. Oct. 22, 2025). "Forcing a detainee to wait for a hearing for days or weeks more in custody—under who knows what conditions—when he is not lawfully detained in the first place would gut the

purpose of habeas review." *Rivero v. Mina*, 2026 WL 199319, at *4.

*    *    *

For the reasons shared above, Kevyn Alexander Vargas Cardenas' Petition for Writ of Habeas Corpus is **GRANTED**[2] and the Court **ORDERS** as follows:

1. Mr. Vargas Cardenas is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and Respondents are **PERMANENTLY ENJOINED** from re-detaining him under 8 U.S.C. § 1225(b)(2)(A).

2. Respondents shall immediately release Mr. Vargas Cardenas from detention; however, he shall remain in Respondents' temporary custody for the sole purpose of Respondents effectuating his return to Jupiter, Florida.

3. Respondents **SHALL**, if Mr. Vargas Cardenas wishes, transport Mr. Vargas Cardenas back to Jupiter, Florida, **at their own expense**, within **36 hours** of the date and time of this Order.

4. To effectuate the purpose of this Court's Order and allow Mr. Vargas Cardenas to return home, Respondents are also temporarily enjoined from detaining him under 8 U.S.C. § 1226 for a period of fourteen days.

5. On or before Tuesday, April 7, 2026, Respondents shall confirm in writing Petitioner's release from custody and his return to Florida.

---

[2] To the extent Petitioner's Counsel seeks an award of attorney's fees, he must file a separate motion for fees that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice for this District.

6. This Court retains jurisdiction over this matter to ensure Respondents comply with this Order.

DATED: April 1, 2026, 8:03 AM

BY THE COURT

S. Kato Crews
United States District Judge